UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUCIA GUH-SIESEL,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No. 5:18-cv-06019-EJD<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Lucia Guh-Siesel initiated the instant action directly in this court. As it must, the court has reviewed the Complaint and other relevant pleadings to determine whether Plaintiff has adequately established a basis for subject matter jurisdiction. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). She has not.

To begin, the court is mindful that, in contrast to state courts, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction refers to the court's statutory or constitutional power to adjudicate the case." Pistor v. Garcia, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (internal quotations omitted). The court looks to the jurisdictional allegations in the Complaint because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996); 28 U.S.C. § 1446(a)

Case No.: 5:18-cv-06019-EJD
ORDER TO SHOW CAUSE

1

(requiring a notice of removal contain a "short and plain statement of the grounds for removal").

Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. 28 U.S.C. §§ 1331, 1332. For subject matter jurisdiction to arise on the basis of diversity under § 1332, "there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). The amount in controversy must also exceed $75,000. Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); accord DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (Because "federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

Here, Plaintiff alleges in the Complaint that she is the owner of a business located in Palo Alto, California, but provides no information about her state of domicile. Since Plaintiff is the named party, this information is required. See Kanter, 265 F.3d at 857 ("The natural person's state citizenship is [] determined by her state of domicile, not her state of residence.").

Moreover, the allegations concerning Defendant Allstate Insurance Company are equally deficient. Since Plaintiff alleges Defendant is a corporation, she must also allege Defendant's state of incorporation and its principal place of business. Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008). In its current form, the Complaint only reveals that Defendant is incorporated in Illinois and does business in California; nothing is alleged about Defendant's principal place of business.

Because the Complaint does not satisfy Plaintiff's obligation to affirmatively demonstrate federal subject matter jurisdiction, the court issues an order to show cause why this action should not be dismissed. If Plaintiff does not, by **October 12, 2018**, file a written response which establishes this court's jurisdiction in a manner consistent with the preceding discussion, the court will dismiss this action without prejudice. No hearing will be held on the order to show cause

Case No.: 5:18-cv-06019-EJD
ORDER TO SHOW CAUSE

2

unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated: October 5, 2018

EDWARD J. DAVILA
United States District Judge